Plaintiff offered evidence tending to show that the defendant in the course of its business used a large iron pot for heating water to be used in scrubbing floors in its mill. This pot had a screen about it to prevent the escape of fire. The plaintiff was an ordinary laborer and a part of his duties consisted in scrubbing floors. The screen about the pot was made from "old steel drums" or barrels. These barrels were cut open and placed around the pot. There was a barrel in front to protect the legs of the workmen from being burned while dipping water from the pot. On the evening before plaintiff was injured the old screen had been taken away, and the plaintiff was directed to fix a new screen. He testified: "I split the drums open, hammered them out, and stood them around the fire." After doing this the plaintiff left and his brother Tom Falls placed another barrel or drum at the front opening in the background or screen. Tom Falls testified that Caldwell told him to place the barrel at that point. Caldwell, who was a witness for plaintiff, *Page 228 
denied that he was a boss or a foreman, or that he told Tom Falls to place the barrel in front of the screen. Early next morning about 4:30 a.m., plaintiff made a fire which had burned down, and he was building another around the pot when the barrel exploded, and as a result thereof, plaintiff suffered serious and permanent injury.
Issues of negligence, contributory negligence, and damages were submitted to the jury, and the jury answered the issue of negligence in the negative.
From judgment upon the verdict the plaintiff appealed.
The plaintiff offered evidence tending to show that the barrel which caused the injury, was negligently placed near the fire by order of a foreman or boss of defendant, and that this barrel was unsafe — thus rendering the place of work unsafe and dangerous. There was evidence that the barrel was voluntarily selected and set in position by fellow-servants of plaintiff.
The defendant offered no evidence.
Both views were submitted to the jury, and the issue of negligence was answered in the negative. There is no new or novel proposition of law presented, and a careful examination of the record and briefs discloses no reversible error.
No error.